IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN LONGMIRE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1503-P |
| | § | |
| DR. MICHAEL CARROLL, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Justin Longmire, a federal prisoner, against various doctors and nurses at Mesquite Community Hospital. On August 21, 2006, plaintiff filed a complaint and an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on September 20, 2006. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

On November 28, 2005, plaintiff was transported from FCI Seagoville to Mesquite Community Hospital for treatment of osteomyelitis and medical problems related to diabetes. During his six week stay in the hospital, plaintiff alleges that various doctors and nurses violated his constitutional rights by providing inadequate medial care.  In particular, plaintiff alleges that he sustained nerve damage and bruises on his foot during surgery to amputate his left fifth toe. Plaintiff also suffered a burn on the inside of his right arm when nurses improperly inserted an IV. Throughout his hospitalization, plaintiff alleges that the nursing staff was rude and abusive towards him.  One nurse forced plaintiff to take medication after dropping the pills on the floor.  Another nurse administered an insulin injection without cleaning the injection site.  A third nurse delayed in providing him with pain medication.  Although plaintiff  reported these incidents to Dr. Michael Carroll, his head physician, no corrective action was taken. By this suit, plaintiff seeks $2.5 million in compensatory damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>     (1)    is frivolous or malicious;
> 
>     (2)    fails to state a claim upon which relief can be granted; or
> 
>     (3)    seeks money relief against a defendant who is immune from
>            such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially questions whether plaintiff may sue any of the defendants, all of whom are private individuals employed by a private hospital, for civil rights violations. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized a private right of action for damages resulting from the unconstitutional conduct of federal officers acting under color of federal law. However, the Court has since refused to extend the *Bivens* remedy to suits against private entities acting under contract with the federal government. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 62, 122 S.Ct. 515, 517, 151 L.Ed.2d 456 (2001). Although the *Malesko* Court did not address the question of whether a *Bivens* action might lie against a private individual in similar circumstances, two circuit courts have held that no such action exists. *See Peoples v. CCA Detention Center*, 422 F.3d 1090, 1103 (10th Cir. 2005), *vacated in part and rev'd in part*, 449 F.3d 1097 (10th Cir. 2006) (en banc), *pet. for cert. filed* (Aug. 15, 2006) (No. 06-6052); *Holly v. Scott*, 434 F.3d 287, 288 (4th Cir.), *cert. denied*, 126 S.Ct. 2333 (2006). *But see Bellecourt v. United States*, 784 F.Supp. 623, 629 (D. Minn. 1992), *aff'd in relevant part*, 994 F.2d 427 (8th Cir. 1993), *cert. denied*, 114 S.Ct. 1049 (1994) (allowing federal prisoner to assert *Bivens* claim against private physician who provided medical care to inmates under contract with the prison).

*Holly* is particularly instructive. There, the Fourth Circuit refused to impose *Bivens* liability on a physician who provided medical care to prisoners at a privately run correctional facility under contract with the federal government because the alleged unconstitutional conduct was "not fairly attributable to the federal government" and because the prisoner "has adequate remedies under state law for his alleged injuries." *Holly*, 434 F.3d at 288. Similarly, in this case, plaintiff has failed to show how the conduct of the doctors and nurses at Mesquite Community Hospital are attributable to the federal government. If plaintiff was harmed by the negligent actions of these private defendants, he may seek redress under Texas law for his alleged injuries. Dismissal is proper for this reason alone.[2]

C.

Even if plaintiff can sue under *Bivens*, his claims are without merit. The Prison Litigation Reform Act prohibits a prisoner from bringing an action for mental or emotional injury suffered while in custody "without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004). Here, plaintiff alleges that nurses administered insulin without cleaning the injection site, forced him to take a pill after dropping it on the floor, delayed in responding to his requests for pain medication, and generally were abusive and rude during his hospital stay. However, there is no indication that plaintiff suffered any physical injury as a result of this conduct.

Nor has plaintiff alleged any facts which, if proved, establish deliberate indifference on the part of defendants. In order to establish a constitutional violation based on the denial of medical

---

[2] The court recognizes that this result may be different if plaintiff was a state prisoner and brought this action under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 55-57, 108 S.Ct. 2250, 2258-60, 101 L.Ed.2d 40 (1988) (imposing section 1983 liability on private physician under contract with the state to provide medical care to inmates).

care, a plaintiff must show that the defendants acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Plaintiff has failed to meet that "extremely high standard." *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Although plaintiff claims that he sustained bruises and nerve damage to his foot during surgery and that his arm was burned when nurses improperly inserted an IV, no facts are alleged which suggest that defendants engaged in any conduct evidencing "a wanton disregard for any serious medical needs." *See Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). At most, plaintiff has stated a claim for medical negligence, which is not actionable under *Bivens*. *See Lentworth v. Potter*, No. 7-03-CV-156-BD, 2006 WL 1975199 at *4 (N.D. Tex. Jul. 14, 2006) (Kaplan, J.) (citing cases).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 10, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE